No. 685.—Alexander Sellers *v.* Emile Sellers et al.

A possessor of property under an authentic act is not bound to establish the verity of the sale where it is attached by a creditor on the ground of simulation.

The burden of showing simulation falls on the party attaching, when the purchaser is in possession.

APPEAL from the Eighth District Court, parish of Lafayette. *Bailey*, J. *M. E. Girard* for plaintiff and appellee. *William & E. Mouton* for defendant and appellant.

WYLY, J; Plaintiff seeks to recover from the defendant, Emile Sellers, the amount of a note made by him, and also to have a contract of sale by public act from Emile Sellers to his son, Camile Sellers, passed June 11, 1366, declared simulated and void.

He alleges that said act of sale is regular in form, and the property pretended to be conveyed consists of six hundred and fifty-four and eighty-nine hundredths " acres of a fine body of well timbered land in St. Landry with all the improvements thereon, a branding iron marked thus Ђ, with its pretensions of horned cattle and horses branded therewith without reservation, and also two hundred and fifty head of sheep." * * * He alleges that the act was a simulation, that no consideration whatever passed between the parties, and that its object was to defraud a portion of the father's creditors and keep so much of the property in the hands of the son.

He further alleges, " That the property thus attempted to be screened by the father and only son from the just rights of the father's creditors, and which is the bulk of the father's property, is really worth more than twice the sum stipulated in the simulated act." The prayer is for judgment for the amount claimed, and that the pretended sale may be declared null.

Both the defendants joined in an answer, denying the allegations except the signature to the note, and averring that the sale was bona fide and for a " valid consideration."

The District Judge rendered judgment in favor of plaintiff for the amount claimed, and decreed the nullity of the sale from Emile Sellers to Camile Sellers, passed before William Bryant, Recorder, on the eleventh July, 1866.

The defendants have appealed.

This is purely an action en declaration de simulation, not a revocatory action proper, or actio pauliana. Its purpose is not to have an actual sale annulled for fraud, but to have the declaration that the act purporting to be a sale, was not a real sale, but only a shadow cast upon the title, a mere simulation.

The consideration of the sale, as appears by the notarial act, was $1310, $400 thereof cash, and for the balance, $910, the purchaser assumed and obligated himself to pay the debts of his vendor, as follows : " a debt of $400 to the succession of Joseph Le Blanc, a debt of $250 to Bellom Bourdeau, a debt of $200 to Sessin Le Blanc, and a debt of $50 to the succession of Don Louis Olideu Broussard.

It does not appear in the evidence, nor was it alleged, that the vendor continued to hold possession of the property after the act of sale was passed. There is nothing in the record to show that any ownership over the property was afterwards exercised by the vendor. Indeed, it appears that both the vendor and vendee lived together on a different tract situated in the parish of Lafayette, which one of the witnesses, Broussard, believed was not owned by them. The defendants reside in the parish of Lafayette, as the plaintiff alleges; the tract of land sold was situated in the parish of St. Landry. Where there is no evidence

to the contrary, we are bound to consider the vendee, by notarial act duly recorded, in possession of the property.

The sale is not presumed simulated, the purchaser being in possession, and the latter is not bound to establish the verity of the sale. C. C. 2456.

The plaintiff must make out his case. He has introduced a considerable amount of evidence of a negative character. The witnesses did not know that Camile Sellers had money or that he had enterprise.

The rebutting testimony shows that he was employed before the war and since in driving cattle for one of the witnesses, that he received wages therefor at the rate of two dollars per day in United States currency, or one dollar and fifty cents per day in specie; it is also in proof that he owned some cattle, and that he had sold some before he made the purchase.

We do not think the purchaser holding, by recorded title, property, not in the possession of the vendor, is bound to establish the verity of the sale. It is only where the vendor retains possession by precarious title or otherwise, that the law presumes simulation and puts the *onus probandi* of the reality of the sale on the purchaser. C. C. 2456.

There is no fraud proved against either the vendor or the vendee. The record shows the vendor owns other property; it does not show that he is embarrassed or in failing circumstances; it does not show that the vendee was even aware of the existence of plaintiff's claim.

On the whole we think the plaintiff has failed to make out his case; and that a notarial title, followed up by possession, should not be disregarded upon the mere suspicion of a creditor and upon negative testimony of the character adduced in this case.

It is therefore ordered, that the judgment appealed from be amended by rejecting the demand of plaintiff to have the sale from Emile Sellers to Camile Sellers declared simulated and null. As thus amended, it is ordered that the decree of the Court *a qua* be affirmed.

It is further ordered, that plaintiff pay the costs of appeal, and that Emile Sellers pay the costs of the Court below.

Rehearing refused.